Adam P. Segal, Esq.
Nevada Bar No. 6120
Christopher M. Humes, Esq.
Nevada Bar No. 12782
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: asegal@bhfs.com
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE ELECTRICAL WORKERS PENSION TRUST; AND BOARD OF TRUSTEES OF THE LAS VEGAS ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>PARSA POWER, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:18-cv-00758-JAD-VCF<br><br>[~~PROPOSED~~] ORDER GRANTING MOTION FOR DEFAULT JUDGMENT<br><br>ECF No. 10 |

Before the Court is the Plaintiffs', Board of Trustees of the Electrical Workers Health and Welfare Trust; Board of Trustees of the Electrical Workers Pension Trust; and Board of Trustees of the Las Vegas Electrical Joint Apprenticeship and Training Trust Fund ("Trust Funds"), Motion for Default Judgment against Defendant Parsa Power, LLC ("Parsa Power"). Default having been entered against Defendant, the Court having reviewed the Plaintiffs' Motion,

18716295                                    1

received oral argument at the February 8, 2019, Hearing, being fully advised, and good cause appearing, the Court now makes the following findings of facts and conclusions of law.

**I.  Finding of Facts.**

1. Plaintiffs Boards of Trustees are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA").

2. Parsa Power, a Nevada limited liability company, acted as an employer within the State of Nevada employing persons ("Covered Employees") who perform work covered by collective bargaining agreements ("CBA") between Parsa Power and the Local Union No. 357 of the International Brotherhood of Electrical Workers.

3. The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

4. The CBA incorporates by reference the Trust Agreements establishing the Trust Funds ("Trust Agreements").

5. Pursuant to the CBA and Trust Agreements, Parsa Power is obligated to make its books and records available for a contract compliance review ("Audit").

6. Despite the Trust Funds' multiple requests, Parsa Power has failed to make its books and records available for an Audit.

7. The Trust Funds have insufficient facts, records or information available to calculate amounts due.

8. If an employer signatory to a CBA fails to make its books and records available for an Audit, the Trust Agreements and the Trust Funds' Collection Policy and Procedures permit the Trust Funds to presume $100,000 contributions owed annually.

9. The Trust Funds' Collection Policy requires an additional $5,000 in attorney's fees and costs in any instance where the Trust Funds seek a delinquency judgment by default judgment.

## II. Conclusions of Law.

1. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

2. The Trust Agreements and 29 U.S.C. § 1145 require each employer, including Parsa Power, to submit monthly remittance reports and to make timely contributions to the Trust Funds on behalf of each employee who performs work covered by the CBA.

3. Federal law requires Parsa Power to also keep records for the purpose of verifying Trust Funds contributions. *See* 29 U.S.C. § 1027.

4. Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

5. As to the first element of the *Eitel* test, the Trust Funds will suffer prejudice if default judgment is not entered because they "'will likely be without other recourse for recovery' if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (quoting *Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. July 8, 2013)). The Trust Funds have attempted to obtain the requested documents, however Parsa Power has refused to produce them The Trust Funds therefore have no other recourse for recovery other than these proceedings, in which Parsa Power failed to participate. The first *Eitel* factor favors entry of judgment.

6. The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471-72. The facts are undisputed facts in this case due to Parsa Power's default. Parsa Power failed to meet its obligations to provide requested documents and Parsa Power is therefore liable to the Trust Funds for assumed unpaid contributions, interest, liquidated damages, audit fees and attorney's fees. *See* 29 U.S.C. § 1132(g)(2). The second and third factors favor an entry of default judgment.

7. The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on the Trust Funds' governing documents and 29 U.S.C. § 1132(g)(2). This factor also favors the entry of default judgment.

8. Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Parsa Power has had a default entered against it, the allegations in the complaint are therefore deemed admitted and taken as true. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). Moreover, the evidence shows that Parsa Power failed to provide documents as required by the Trust Funds' Trust Agreements and Collection Policy. Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

9. The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. The Complaint was filed on April 25, 2018. (ECF No. 1) A Summons was issued to Parsa Power on April 26, 2018, and the registered agent accepted service of the Summons and Complaint on May 3, 2018. (ECF Nos. 4 and 5.) Parsa Power failed to plead or otherwise defend the suit, resulting in the entry of default on May 30, 2018. (ECF No.9.) Parsa Power had a month and a half after it accepted service of the Summons and Complaint before the Trust Funds brought their Motion for Default Judgment, but still failed to appear in these proceedings. The sixth *Eitel* factor favors the entry of a default judgment.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

10. The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Although "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002)). "Thus, 'the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)). Here, Parsa Power's failure to appear has made a decision on the merits impractical, if not impossible.

11. The damages set forth by the Trust Funds' and their corresponding calculations are supported by the Trust Agreements, the Trust Funds' Collection Policy, and 29 U.S.C. 1132(g)(2).

IT IS HEREBY ORDERED, ADJUDICATED AND DECREED that judgment is entered against Defendant Parsa Power, LLC, for delinquent employee benefit contributions ($196,742), liquidated damages ($70,726), interest ($70,726), audit fees ($715) and attorney's fees and costs ($7,069) for a total of $345,978.

*The Motion for Default Judgment [ECF 10] is Granted, and the Clerk of Court is directed to enter Judgment and close this case.*

DATED this 8th day of February, 2019.

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted by:

BROWNSTEIN HYATT FARBER SCHRECK, LLP

_____
Adam P. Segal, Esq., Nevada Bar No. 6120
Christopher M. Humes, Esq., Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

*Attorneys for Plaintiffs*

18716295

5